```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION


ROBERT H. DARVILLE, et al.                          PLAINTIFFS


v.                        CIVIL ACTION NO. 5:20cv180-DCB-MTP


N. FORREST GERMANY, et al.                          DEFENDANTS
```

MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on a Second Motion to Dismiss/Stay filed by Defendant Denbury Onshore, LLC ("Denbury") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [ECF No. 40] (the "Second Motion"). The Plaintiffs have filed no response to the Second Motion, and the time to respond has expired. The Court has been informed that counsel to the Plaintiffs sent electronic mail to Magistrate Judge Michael T. Parker on May 19, 2021, in which counsel states: "I do not object to the stay which has been requested by opposing counsel in the above cases." Plaintiffs' counsel was referring to the instant case and to a related case, <u>McComb School District v. Denbury Resources, Inc. et al.</u>, 5:21-cv-00018-DCB-MTP (the "McComb School District Case"). Having considered the Second Motion and supporting memorandum, the Plaintiffs' lack of objection to the

1

requested stay, and applicable statutory and case law, and being otherwise informed in the premises, the Court finds that the Second Motion should be granted in part and denied in part as follows:

BACKGROUND

The Plaintiffs filed suit against the defendants[1] in the Circuit Court of Pike County, Mississippi, on May 4, 2020. [ECF No. 1-1]. Among other things, the Plaintiffs claim that, since April 2006, Denbury has failed to reallocate the oil and gas participation tract factors in a portion of the McComb Field Unit known as the "C" sand in violation of a 1998 Order issued by the State Oil and Gas Board of Mississippi (the "Board").[2]  Id.

---

[1] Denbury and Denbury Resources, Inc. are the only defendants that remain in this lawsuit.

[2] The Board's 1998 Order provides in pertinent part:

> The Board finds that based on prior geological evidence submitted to the Board production exists in the Lower Tuscaloosa Field Unit in three separate sands which are referred to as the "A," "B," and "C" sands. In the initial phase of the McComb Field Unit there was some production from the "C" sand. The present operator of the McComb Field Unit, E.B. Germany & Sons, Inc., plans to produce oil and gas only from the "A" and "B" sands of the Lower Tuscaloosa Sand Oil Pool, McComb Field, Pike County, Mississippi, and, therefore, tract factors for tract participation in the 259 tracts within the McComb Field Unit are based upon "A" and "B" sands only with no credit given for the "C" sand. In the event operator of the McComb Field Unit achieves any production from the "C" sand (Little Creek Sand) in the lower Tuscaloosa Sand Oil Pool, McComb Field, Pike County, Mississippi, in the future, operator of the McComb Field Unit will recalculate all unit tract

Asserting diversity jurisdiction, Denbury removed the action to federal court on September 14, 2020 (see Notice of Removal [ECF No. 1]). Thereafter, on December 8, 2020, Denbury filed a petition with the Board to establish recalculated unit tract participation factors for the "C" sand oil pools. See Petition of Denbury Onshore, LLC, Operator, to Establish Recalculated Unit Tract Participation Factors to Include Credit for the "C" Sand Oil Pools in the Unitized Formation of the McComb Field Unit, McComb Field, Pike County, Mississippi, Docket No. 3-2021-D [ECF No. 21-6].

Denbury then moved the Court to dismiss or stay this action until the Plaintiffs had exhausted "their administrative remedies and the Board establishe[d] the recalculated tract factors for the Unit." [ECF No. 21 ¶ 9]. Finding that the Board had regulatory authority over such a determination, the Court granted Denbury's first motion to stay under the doctrine of administrative exhaustion but denied its motion to dismiss. [ECF No. 37].

By letter dated April 7, 2021, Denbury's counsel informed the Court that the Board had filed of record Order No. 127-2021 on March 31, 2021 (the "March 2021 Order"). Denbury's counsel

---

participation factors to include credit for the "C" sand. No credit is given for the "C" sand at this time because there is no production planned at the present time from the "C" sand.

Order ¶ 14 [ECF No. 1-1 at 39].

3

provided the Court with a copy of the March 2021 Order and stated in the letter: "This Order concludes the administrative exhaustion by the Mississippi State Oil and Gas Board."  Letter from William F. Blair, Esq. to Judge David C. Bramlette III and Magistrate Judge Michael T. Parker of 4/7/2021.  In reliance on counsel's statement to the Court regarding exhaustion of administrative remedies, the Court terminated the first stay. [ECF No. 38].

Subsequently, the plaintiff in the McComb School District Case appealed the Board's March 2021 Order to the Chancery Court of Pike County, Mississippi, Cause No. 21-cv-281-WS.  [ECF No. 40-12].  Now that the March 2021 Order, which governs the tract participation factors applicable to the parties in this lawsuit, has been challenged on appeal, Denbury argues that the March 2021 Order is not final and that this case should be stayed until all administrative proceedings are exhausted on appeal.  [ECF No. 41 at 2].

## DISCUSSION

Having previously found that a stay pending exhaustion of administrative remedies before the Board was appropriate in this case [ECF No. 37], the issue now before the Court is whether the case should be stayed, yet again, while the administrative process continues on appeal.  The Court notes that appeals to the

4

Mississippi chancery courts from Board orders such as the March 2021 Order are provided for, and governed by, the Mississippi statutes that regulate the Board in general, Miss. Code Ann. §§ 53-1-1 to -47, and those that regulate the unitization of oil and gas fields and pools. Miss. Code Ann. §§ 53-3-101 to -119.  See Miss. Code Ann. § 53-1-39[3] and § 53-3-119[4]; see also Adams v.

---

[3] Section 53-1-39 provides in pertinent part:

(a) In addition to other remedies now available, the state, or any interested person aggrieved by any final rule, regulation or order of the board, shall have the right, regardless of the amount involved, of appeal to the Chancery Court of the First Judicial District of Hinds County, Mississippi, or to the chancery court of the county in which all or a part of appellant's property affected by such rule, regulation or order is situated, which shall be taken and perfected as hereinafter provided, within thirty (30) days from the date that such final rule, regulation or order is filed for record in the office of the board; and the said chancery court may affirm such rule, regulation or order, or reverse same for further proceedings as justice may require.

Miss. Code. Ann. § 53-1-39 (West).

[4] Section 53-3-119 provides in pertinent part:

Any interested person adversely affected by any provision of Sections 53-3-101 through 53-3-119 or by any rule, regulation or order made by the state oil and gas board thereunder, or by any act done or threatened thereunder, may obtain court review and seek relief by appeal, which appeal shall be to the chancery court of the county wherein the land involved, or any part thereof, is situated. The term "interested person" as used herein shall be interpreted broadly and liberally and shall include all mineral and royalty owners. Any interested party may appeal to the chancery court of the county wherein the land involved or any part thereof is situated, if appeal be demanded within thirty (30) days from the date that such rule, regulation or order of the board is filed for record in the office of the board.

Miss. Code. Ann. § 53-3-119 (West).

Miss. State Oil & Gas Bd., 854 So. 2d 7, 9 (Miss. Ct. App. 2003)("The applicable statute governing judicial review of certain actions of the Oil and Gas Board permits an appeal 'to the chancery court of the county in which all or a part of appellant's property affected by such rule ... is situated ....' Miss. Code Ann. § 53-1-39(a)(Rev.1999)."). Given that no party has asserted an objection to staying this federal lawsuit pending the appeal of the Board's March 2021 Order to the Chancery Court of Pike County, Mississippi, the Court concludes that this case should be stayed until the administrative appeal is final and nonappealable in accordance with the governing state statutes. To assist the Court in the efficient administration of this case, and to avoid confusion in the future, the Court requests that the parties file a joint notice in this matter, once the administrative proceedings are final.

Accordingly,

IT IS HEREBY ORDERED that Defendant Denbury Onshore, LLC's Second Motion to Dismiss/Stay [ECF No. 40] is GRANTED IN PART as to its request for a stay and DENIED IN PART as to its request to dismiss this action; and

IT IS FURTHER ORDERED that this action is STAYED in its entirety, including all pending motions, until Order No. 127-2021 of the State Oil and Gas Board of Mississippi shall become final

and nonappealable; and

IT IS FURTHER ORDERED that the parties shall jointly file notice in this matter through the Court's CM/ECF system when Order No. 127-2021 of the State Oil and Gas Board of Mississippi becomes final and nonappealable.

SO ORDERED, this the 7th day of June, 2021.

/s/   David Bramlette
UNITED STATES DISTRICT JUDGE